UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENNIS TATE, | ) |
|         Plaintiff | ) |
| vs. | ) Cause No.: 2:08-cv-095 PPS |
| PORTER COUNTY SHERIFF'S DEPT., a political subdivision of the State of Indiana, DAVID LAIN, individually and in his capacity as Sheriff of the Porter County Sheriff's Dept., JOHN WIDUP, individually and as Warden of the Porter County Jail, and SUSAN KARCHINSKI and CHERYL CASKO, Individually, | ) |
|         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dennis Tate claims to suffer from a serious medical condition. He further alleges that when he turned himself in to the Porter County Jail after learning about an outstanding warrant for his arrest, he made sure the jail was aware of his medical needs. Two trips to the hospital later, Tate believes jail officials ignored his warnings (and later his pleas for help). Tate, though counsel, brought his action to recover damages from the Porter County Sheriff's Department and some of its employees under 42 U.S.C. § 1983 and state law negligence. Among the defendants, the complaint names Porter County Sheriff David Lain and the Warden of Porter County Jail, John Widup, in both their individual and official capacities.

Defendants moved to dismiss both the individual and official capacity claims against Lain and Widup. (*See* DE 21.) The parties then stipulated to the dismissal of the official

1

capacity claims against the two. (*See* DE 22.) Those claims were dismissed, but the claims against them in their individual capacities were not. (*See* DE 23.) Later, Defendants withdrew their motion with respect to the individual capacity claims against Widup. (*See* DE 28 at 3.) Therefore, all that remains of the motion to dismiss is that portion concerning the claims against Lain in his individual capacity. As detailed below, Tate has met the minimal pleading requirements to put Lain on notice as to the claim against him; the motion to dismiss is therefore denied.

## BACKGROUND

Dennis Tate currently resides in LaPorte County, Indiana, but he lived in Missouri in 2007 when he learned of an outstanding warrant for his arrest in Porter County. (DE 1 ¶¶6 & 13.)[1] At the time, Tate suffered from a serious, and sometimes life-threatening, medical condition that demanded continual care. (*Id*. ¶14.) If left untreated, he could suffer pain, serious permanent damage, and even death. (*Id*. ¶15.) When Tate found out about the warrant, he called the Porter County Sheriff's Department to inform it about his medical condition and to determine whether he could receive the appropriate medical care if he turned himself in. (*Id*. ¶16.) The Department assured him that it could provide him the care he needed. (*Id*. ¶17.)

In March, Tate turned himself in and was detained at the Porter County Jail pending trial. (*Id*. ¶19.) Upon arrival, Tate again informed the Department of his condition and gave it all of his pertinent medical records. (*Id*. ¶20.) But the jail did not have Tate examined by a physician, and instead placed him in a padded cell, which Tate asserts was punishment for saying that he

---

[1] Because I am considering a motion to dismiss, I construe the complaint in the light most favorable to the plaintiff, and accept all well-plead facts as true. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

needed medical care. (*Id*. ¶21.) From the time he got to the jail, Tate continually asked for medical care, but his requests were repeatedly denied. (*Id*. ¶¶22-23.) On June 23, Tate was in pain from the lack of treatment and asked to see a physician. (*Id*. ¶¶24-25.) The Department waited a few days, and then took him to Porter Memorial Hospital on June 26. (*Id*. ¶¶25-27.) While at the hospital, Tate was prescribed treatment, but the Department refused to give it to him when he returned to the jail. (*Id*. ¶¶27-28.) Indeed, Tate asserts the Department even punished him for requesting the treatment by placing him in solitary confinement. (*Id*. ¶29.)

On July 9, Tate was again taken to the hospital after suffering from a high fever for several days, and he remained there until July 24. (*Id*. ¶¶30-31.) He was released from detention at the jail upon his release from Porter Memorial Hospital. (*Id*. ¶32.)

Tate seeks relief under 42 U.S.C. § 1983 for a violation of his rights under the Eighth and Fourteenth Amendments of the Constitution and under a state law negligence theory. (*Id*. ¶¶1-2.) He alleges that from March 5, 2007 through and including July 9, 2007, the Department was aware of his serious medical conditions and the potential consequences of withholding treatment, but nevertheless withheld treatment and caused him unnecessary pain. (*Id*. ¶¶33-36.) Tate further alleges that the actions of the Department's employees were part of the Department's official policies, practices or customs. (*Id*. ¶42.)

The complaint asserts these claims against Lain in both his individual and his official capacities. Although the language of the present motion seems to be broad enough to reach both the negligence and the § 1983 claims, Plaintiff expressly limited his response to the § 1983 claims, (*see* DE 26 at 12 n.4), and Lain's reply did nothing to disabuse Tate of the idea that the motion is so limited. Therefore, I likewise limit my analysis to just the § 1983 claim against

Lain in his individual capacity.

## DISCUSSION

The minimum requirements for pleading a claim for relief are contained in Rule 8. That Rule requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 12(b)(6), on the other hand, authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.

Last year the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Prior to *Bell Atlantic* the standard had basically remained static for nearly fifty years. In *Bell Atlantic*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (brackets omitted). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. In so holding, *Bell Atlantic* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). *See also Tamayo*, 526 F.3d at 1083-83; *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

Two weeks after deciding *Bell Atlantic*, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but

this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). 127 S.Ct. at 2200. In an effort to reconcile *Bell Atlantic* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

The Seventh Circuit has also cautioned courts not to "overread" *Twombly*. *See Limestone*, 520 F.3d at 803. *See also Tamayo*, 526 F.3d at 1082. *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quotation marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id*. (quotation marks omitted). In other words, "[a] complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face . . . [but] how many facts are enough will depend on the type of case." *Limestone*, 530 F.3d at 803 (quotation marks and citations omitted). Moreover, "conclusory statements are not barred entirely from federal pleadings." *Tamayo*, 526 F.3d at 1084. Thus, according to the Seventh Circuit, *Bell Atlantic* did not change the basic rule; "notice pleading remains the standard." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, No. 07-1567, __ F.3d __, 2008 WL 2941171, *2 (7th Cir. Aug. 1, 2008).

In order for Tate to assert a § 1983 claim against Lain in his individual capacity, Tate must allege that Lain was connected to a constitutional deprivation. Tate alleges that he was

5

deprived of his constitutional right to necessary medical treatment while he was incarcerated. States must provide adequate medical treatment to prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). *See also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006).[2] Prison official are liable if they are deliberately indifferent to serious medical needs of prisoners. *Johnson*, 444 F.3d at 584.

But supervisors are not liable under § 1983 for the acts of those they supervise. *See Palmer*, 327 F.3d at 594. For an individual defendant to be liable under Section 1983, he must personally cause or participate in a constitutional deprivation. *Levy v. Pappas*, 510 F.3d 755, 763 (7th Cir. 2007). In other words, the individual must be "personally responsible" for the deprivation, and "[t]o be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Johnson*, 444 F.3d at 583-84 (quotation marks omitted). That does not mean that the individual must have directly participated in the deprivation, but the individual must at least have "acquiesced in some demonstrable way in the alleged constitutional deprivation." *Palmer*, 327 F.3d at 594. *See also Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (requiring some "causal connection, or an affirmative link" between the individual and the deprivation).

With all of these considerations in mind, I find that Tate has plead enough for his individual capacity claims against Lain to survive. Lain is correct that the factual allegations connecting him to the events in question are skimpy, but paragraph 38 of the complaint is sufficient to put Lain on notice of the claims against him. While some of the allegations in

---

[2] While some cases concern an inmate's rights under the Eighth Amendment, the Eighth and Fourteenth Amendment analysis is the same as far as this case is concerned. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

paragraph 38 may be insufficient to state a claim against Lain - or only apply to the now-dismissed official capacity claims against him - other allegations in paragraph 38 put Lain on notice that he is alleged to have failed to provide appropriate medical treatment and that he was personally connected to a constitutional deprivation. (*See, e.g.*, DE 1 ¶38(a), (b) & (d).) The rest of the complaint advises Lain about the specific incidents upon which Tate is basing his claim. It does not allege specific facts providing the affirmative link between Lain and the deprivation, but that is not necessary at this point. The conclusory allegations are permissible. *See Tamayo*, 526 F.3d at 1084. Besides, the allegations can be construed to suggest that Lain facilitated, approved, condoned, or turned a blind eye to Tate's treatment, which is enough. *See Johnson*, 444 F.3d at 583-84. The complaint as a whole is sufficient to inform Lain of the gist of the claims against him, *see McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000), and to plausibly suggest a right to relief, *see Concentra*, 496 F.3d at 776. Tate has therefore met the minimal pleading requirements of Rule 8 with respect to his § 1983 individual capacity claims against Lain.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Partially Dismiss Plaintiff's Complaint [DE 21] is **DENIED** as to Defendant Lain. As to claims against Defendant Widup, pursuant to the Defendants' request to withdraw the motion, it is ordered **STRICKEN**. The original motion to dismiss [DE 15] is also **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: August 22, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT